J. T. SANDERS, Respondent, v. DENNIS CLIFFORD, Appellant.

St. Louis Court of Appeals, December 7, 1897.

1. **Evidence**: SUFFICIENCY. The evidence in this cause is reviewed by the court and held sufficient to support the judgment.

2. **Witnesses**: ADMISSIONS IMPEACHING: COMPETENCY. Where witnesses sought to be impeached are parties to the suit, any statements or admissions made by them contradictory of their sworn testimony are admissible, without laying any foundation for their admission. Though in this case the attention of the witnesses was called to the statements by which their testimony was contradicted, and an opportunity given them to explain, which they failed to do.

Sanders v. Clifford.

*Appeal from the St. Louis City Circuit Court.*— HON. HORATIO D. WOOD, Judge.

AFFIRMED.

*E. J. O'Brien* for appellant.

A receipt is open to explanation, but the natural presumption is in its favor, and that presumption will prevail until it is displaced by direct proof, such as would set aside a contract in equity like fraud, mistake or surprise, etc. *Gibson v. Hanna*, 12 Mo. 165; *Pickles v. Chamber of Commerce*, 10 Mo. App. 195.

Each partner, after dissolution of the firm, has full power to pay and collect all debts due the partnership. *Tutt v. Cloney*, 62 Mo. 120; Story on Part., sec. 328; Parsons on Part., secs. 117, 123, 287, note and citations.

In impeaching the credit of a witness, the examination must be confined to his general reputation, and not to be permitted as to particular facts. 1 Greenlf. Ev. (1896), sec. 461, and citations.

Where it is sought to discredit a witness by proof of prior contradictory statements, proper foundation must first be laid by interrogating him as to time, place and person of the alleged contradictory statements. *Spohn v. R'y*, 116 Mo. 617. See, also, *Dunn v. Dunnaker*, 87 Mo. 597, 600; *State v. Burke*, 132 *Id.* 363, 372.

Where there is no substantial evidence to support the verdict, the judgment will be reversed. *Hewitt v. Steele*, 136 Mo. 328.

*Hiram J. Grover* for respondent.

BLAND, P. J.—The petition in this case is for the recovery of $575 alleged to be due to McDonald and Sanders, partners in a real estate brokerage business, for commission services rendered the appellant in an

exchange of real property of Clifford in St. Louis, for farm lands in the state of Illinois.

McDonald refused to join in the suit as a party plaintiff, and under the statute was made a party defendant. The answer admitted the services and their value, and pleaded payment. The issues were submitted to the court sitting as a jury, who found for the plaintiff Sanders, and assessed his damages at one half of the amount sued for, with interest. Clifford has brought the case here by appeal. No declarations of law were asked or given. We are asked to review the evidence and reverse the judgment on the ground that the finding is against the evidence.

Clifford and McDonald both testified that the commission had been paid to McDonald, and produced McDonald's receipt for the full amount.

EVIDENCE: sufficiency.

The partnership of McDonald and Sanders was dissolved prior to the date of the alleged payment. The receipt given was dated long prior to the time Clifford and McDonald say the last payment was made.

Their testimony is vague, uncertain and suspicious on its face, and they were both most successfully impeached by witnesses who testified to statements made by them that no part of the commission had been paid at a time long subsequent to dates when they testified that payments had been made. The evidence, as a whole, tends to prove that no payments in fact were made to McDonald by Clifford. The trial court so found, and we approve that finding. The objections to the impeaching testimony have no merit. Both McDonald and Clifford were parties to the suit, and any statements or admissions made by them contradictory to their sworn testimony were admissible, without laying any foundation for their admissions; but their

WITNESSES: statements impeaching: competency.

attentions were called to the statements by which that testimony was contradicted, and an opportunity given them to explain, if they had so desired or were able to do so. No explanations were given; they were discredited, and the trial court rejected their testimony, as it had the right to do, and as it should have done under all the evidence. The partnership business of the firm of McDonald & Sanders had been fully settled and there was nothing due from Sanders to McDonald, and all firm debts, except the one due from Clifford, had been settled. As McDonald refused to join in a suit against Clifford, Sanders was entitled to sue for one half of the commission due from Clifford, being the amount due to him under the terms of the partnership.

The judgment is affirmed. All concur.